■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD JEFF HUMISTON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of crimi-

nally negligent homicide in the death of his girlfriend's 15-month-old daughter. The cause of death was a subdural hematoma and swelling of the brain. According to the medical testimony, death resulted from "shaken baby syndrome", a shaking of the child's head back and forth with such violence that it ruptured blood vessels in the brain. Defendant admitted that he shook the child 8 to 10 times until her "neck went to the side and her eyes rolled over". Defendant's principal contentions on appeal are that his failure to perceive the risk that shaking the child would result in death was an error in judgment and that the People failed to present legally sufficient evidence to prove that his failure to perceive the risk was "a gross deviation from the standard of care that a reasonable person would observe in the situation" (Penal Law § 15.05 [4]).

The record reveals that defendant's conduct constituted more than a mere error in judgment. A medical expert testified that the shaking of the child was "very violent" and that causing the injury to this child required a great deal of effort because she was old enough to maintain her head without flopping freely when force was applied. Another expert concluded that the child was subjected to a "violent shaking", a violence at the upper end of the spectrum in terms of the amount of force that could be applied to a child's head. That evidence was legally sufficient to support a finding that defendant's failure to perceive the risk of death constituted a gross deviation from what a reasonable person would perceive (see, People v Gordon, 738 P2d 404; Duley v State, 56 Md App 275, 467 A2d 776) and that his conduct involved "serious blameworthiness" (People v Boutin, 75 NY2d 692, 696) sufficient to warrant criminal liability. We further conclude that the jury verdict was not contrary to the weight of evidence.

Although the court erred in permitting a medical witness to state his opinion that the victim was the subject of physical abuse (see, People v Taylor, 75 NY2d 277, 293), that error was harmless (see, People v Crimmins, 36 NY2d 230, 242). The court sustained defendant's objection to improper summation comments denigrating defendant's case. Defendant did not request a curative instruction, thereby indicating satisfaction with the court's ruling. The prosecutor also may have exceeded the bounds of fair comment on the evidence, but those comments, considered in the context of the entire summation, were not so egregious as to warrant reversal. Defendant's challenges to the jury instructions were not preserved for

appellate review, and in any event lack merit. Also without merit is defendant's contention that imposition of the maximum sentence was harsh and excessive. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminally Negligent Homicide.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.